THEBES, The (NASH v.). See Case No. 10,-022.

---

## Case No. 13,875.

### THEBO v. CAIN.

[1 Tex. Law J. 92.]

District Court. W. D. Texas. 1877.

HOMESTEAD EXEMPTIONS—CITY LOTS.

[Under the constitution of Texas in force in 1871, a homestead might embrace any number of city or town lots, whether remote from or contiguous to each other, provided they were designated and used as a homestead, and did not, in the aggregate, exceed in value $5,000, irrespective of any improvements thereon.]

The subject of controversy in this suit was certain lots embraced ·in blocks No. 3 and 14 in

the city of Paris, Texas, claimed as a homestead by the bankrupt. C. T. Thebo was adjudicated an involuntary bankrupt on the 26th day of May, 1874. The assignee [W. G. Cain] set apart to the bankrupt all the lots claimed by him as a homestead, in his schedule, except a brick store-house and lot on the northwest corner of block 3, and three lots, with tenement houses thereon, in block 14. The bankrupt excepted to this action of the assignee, and the issue was formed as to the extent, use and value of the homestead claimed. The evidence showed that the homestead claimed embraced a number of lots in blocks 3 and 14, near the public square of Paris, of great value; that a street separated the two blocks; that most of block 3 and part of No. 14 were bought January 30, 1862, and two lots in No. 14 were bought subsequently; that all the lots except one, when bought, cost over $9,000, Confederate money; the other, about $350, gold; and that all the lots, with improvements, when designated as a homestead, were worth about $3,500, gold, and, without improvements, were worth about $1,500, gold; that all the lots had been used, more or less, for the convenience and purposes of a homestead since 1862; that the brick store-house and the three tenement houses had been rented for residences and business, from time to time, sometimes vacant, but mostly rented; and that the lots had greatly appreciated in value since designated as a homestead.

W. B. Wright, Sawnie Robertson, and W. S. Herndon, for plaintiff.

Lightfoot, Jones & Henry, for defendant.

DUVAL, District Judge. The plaintiff in this case, at the suit of certain of his creditors, was adjudicated a bankrupt by this court in the year 1874, and the defendant, W. G. Cain, appointed the assignee. The bankrupt law of the United States provides that the bankrupt shall be entitled to retain, as exempt from sale for debt, all such property as was so exempted by the constitution and laws of the state in which he resided in the year 1871. By the constitution of the state of Texas, in force in the year 1871, the homestead of a family not to exceed two hundred acres of land in the country, or any city or town lots not to exceed $5,000 in value at the time of their designation as a homestead, and without reference to the value of any improvements thereon, is declared to be exempt from any forced sale for debt.

It appears from the evidence that, under the bankrupt law [of 1867 (14 Stat. 517)], and the provisions of the constitution of Texas, above referred to, the bankrupt claimed as his homestead certain lots or parcels of ground in the city of Paris, state of Texas, containing about one acre in all, and represented by the plat attached to the bankrupt's schedules, as well by the plat attached to the depositions of witnesses read before the jury, and to which they can refer. The assignee, whose duty it was to set apart to the bankrupt all such property as was exempted from forced sale, under the constitution and laws of Texas then in force, believing that the bankrupt claimed more, as his homestead exemption, than he was entitled to, refused to allow the same, but did allow and set apart to him all that he claimed as such homestead exemption except the brick store-house and the ground upon which it is situated, on the northwest corner of block 3, on Lamar avenue, and the three store-houses in said block, and lots containing the same, fronting Clarksville street, 54 feet long by 30 deep. To this action of the assignee the bankrupt filed his exceptions, and thus the matter at issue between them has been brought to this court for adjudication. The bankrupt in this case was a married man, and the head of a family, though without children. The property which he claims as constituting part of his homestead exemption, and which is the subject of controversy between him and the assignee, is embraced in the land which he purchased on the 30th day of January, 1862, from one A. S. Kottwitz.

Under the homestead exemption, as provided for in the constitution of Texas, in force in the year 1871, I have to instruct the jury that it might embrace any number of lots in a city or town, and it does not matter whether they be remote from or contiguous to each other; provided, that they were designed and used for the purpose of a homestead, and that they did not, in the aggregate, exceed the value of $5,000 (irrespective of any improvements thereon) at the time of their designation as such homestead. The limitation is not to the number of lots, but to their value, as being naked and unimproved. Furthermore, that the head of a family had the right, after the homestead had been designated, to increase its value by improvements, and to this end might erect buildings thereon for leasing or renting, without it necessarily having the effect of segregating or separating such portion, so improved, from the homestead, so long as it is actually used and occupied as a part of the homestead, and for the necessary support and comfort of the family. A homestead, once acquired and occupied in a town, may subsequently be added to or increased by the acquisition of other lots until the same reaches the full limit allowed by the law, or, in other words, until all the lots, taken together, without reference to the improvements thereon, do not exceed $5,000 in value. While the constitutional exemption of a city or town homestead may, as I have said, embrace many lots, they must be limited and confined to the homestead in point of fact, and to its uses and purposes as such. They should form and constitute in fact a part of the homestead; otherwise, they are not included in the exemption.

Under these general instructions, it will be for the jury to determine whether or not the lots or parcels of ground claimed by the bankrupt as a portion of his homestead exemption, and not allowed as such by the assignee, form in fact a part of such exemption. Were they designated and actually used by the bankrupt as a homestead, and did they truly form a part of the same? To determine this the jury will consider the uses to which they were applied, and all other facts pertinent to the inquiry, and which may be in evidence before them. If you believe from the testimony that the bankrupt, Thebo, designated the lots in controversy as his homestead in the year 1862 or 1866; and that said lots in fact formed a part of such homestead, and were used by him and his family in carrying on his and their necessary business, and for their support, comfort and maintenance, and that all of said lots, in the aggregate, at the time they were designated, did not exceed in value $5,000, to be estimated and valued by you, from the evidence, without reference to the value of the improvements then or thereafter made thereon, then your verdict must be: "We, the jury, find for the plaintiff." Otherwise, your verdict will be for the defendant.